# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| Plaintiff, | Case No.: 3:21-CR-00095-BR-1 |
| v. | USM Number: 42563-509 |
| **AGNES YU** | Matthew Schindler, Defendant's Attorney |
| Defendant. | Ryan W. Bounds, Assistant U.S. Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to the single count Information.

The defendant is adjudicated guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|
| 16:3372(a) and 3372(d)(2) Reckless Sale of Wildlife Illegally Imported and Sold | 11/14/2017 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) and is discharged as to such count(s).

☐ Count(s) are dismissed on the motion of the United States.

☒ The defendant shall pay a special assessment in the amount of $25.00 for the single count Information payable to the Clerk of the U.S. District Court. (See also the Criminal Monetary Penalties Sheet.)

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

April 12, 2021
Date of Imposition of Sentence

/s/ Anna J. Brown
Signature of Judicial Officer

Anna J. Brown, U.S. Senior District Judge
Name and Title of Judicial Officer

April 29, 2021
Date

# PROBATION

The defendant is hereby sentenced to probation for a term of: **3 years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. (*check if applicable*)
5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

# SPECIAL CONDITIONS OF SUPERVISION

1. You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. You must provide the U.S. Probation Officer with truthful and complete information regarding all computer hardware, software, electronic services, and data storage media to which you have access.

3. You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. You must not install any encryption software or mechanism on any such computer, device, or data storage media. You must furnish any password or passcode required to access the computer, device, or storage media to the probation officer upon request. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

4. You must not engage in an occupation, business, profession, or volunteer activity that would require or enable you to have access to protected or endangered animals without the prior approval of the probation officer.

5. You shall not purchase, sell, possess, or transfer any animal protected under the Convention on International Trade of Endangered Species of Flora and Fauna (CITES), the Endangered Species Act, or Oregon state law without the prior approval of the probation officer.

6. If the judgment imposes a financial penalty, including any fine or restitution, you must pay the financial penalty in accordance with the Schedule of Payments sheet of the judgment. You must also notify the court of any changes in economic circumstances that might affect your ability to pay this financial penalty.

7. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

8. You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

9. You must not make application for any loan, or enter into any residential or business lease agreement, without the prior approval of the probation officer.

AO 245B	Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
Sheet 5 - Criminal Monetary Penalties

DEFENDANT: AGNES YU	Judgment-Page **5** of **6**
CASE NUMBER: 3:21-CR-00095-BR-1

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth in this judgment.

|  | **Assessment** (as noted on Sheet 1) | **Restitution** | **Fine** | **AVAA Assessment**[1] | **JVTA Assessment**[2] | **TOTAL** |
|---|---|---|---|---|---|---|
| **TOTALS** | $25.00 | $0.00 | $5000.00 | $0.00 | $0.00 | $5,025.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* will be entered after such determination.

☒ Fine to be paid to:

Lacey Act Reward Fund

United States Fish and Wildlife Service

Division of Financial Management

Cost Accounting Section

7333 W Jefferson Avenue, Suite 33

Lakewood, Colorado, 80235

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

☐ If applicable, restitution amount ordered pursuant to plea agreement: $_____.

☐ The defendant must pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that

☐ The interest is waived for the ☐ fine and/or ☐ restitution.

☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

> Any payment shall be divided proportionately among the payees named unless otherwise specified.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment[1] of the total criminal monetary penalties shall be as follows:

- **A.** ☐ Lump sum payment of due immediately, balance due
    - ☐ not later than _____, or
    - ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or
- **B.** ☒ Payment to begin immediately (may be combined with ☐ C, ☒ D, or ☐ E below); or
- **C.** ☐ If there is any unpaid balance at the time of defendant's release from custody, it shall be paid in monthly installments of not less than $_____, or not less than 10% of the defendant's monthly gross earnings, whichever is greater, until paid in full to commence immediately upon release from imprisonment.
- **D.** ☒ Any balance at the imposition of this sentence shall be paid in monthly installments of not less than $100, or not less than 10% of the defendant's monthly gross earnings, whichever is greater, until paid in full to commence immediately.
- **E.** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties, including restitution, shall be due during the period of imprisonment as follows: (1) 50% of wages earned if the defendant is participating in a prison industries program; (2) $25 per quarter if the defendant is not working in a prison industries program. . If the defendant received substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, the defendant shall be required to apply the value of such resources to any restitution or fine still owed, pursuant to 18 USC § 3664(n).

Nothing ordered herein shall affect the government's ability to collect up to the total amount of criminal monetary penalties imposed, pursuant to any existing collection authority.

All criminal monetary penalties, including restitution, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of Court at the address below, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

**Clerk of Court**
**U.S. District Court - Oregon**
**1000 S.W. 3rd Ave., Ste. 740**
**Portland, OR 97204**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ **Joint and Several**

| Case Number<br>Defendant and Co-Defendant Names<br>(including Defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court costs:

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

---

[1] Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.